IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FEB 3 1995

| | | |
|---|---|---|
| STEVE MCGOWAN AND<br>LINDA MCGOWAN | § § § | |
| VS. | § | CIVIL ACTION NO. B-95-04 |
| | § | |
| ACROMED CORPORATION, A Foreign<br>Corporation Jointly and<br>Severally with DR. ROBERT G.<br>JOHNSON, SOUTH TEXAS<br>ORTHOPEDIC & SPINAL SURGERY<br>ASSOCIATES, P.A., & ST. LUKE'S<br>LUTHERAN HOSPITAL, aka/fka ST.<br>LUKE'S BAPTIST HOSPITAL | § § § § § § § § | |

## ACROMED CORPORATION'S MOTION TO STAY PROCEEDINGS

Defendant, AcroMed Corporation ("AcroMed"), respectfully moves this Court for an Order temporarily staying all proceedings in this case pending the issuance of a Conditional Transfer Order transferring this case under 28 U.S.C. section 1407 to the Eastern District of Pennsylvania. This case should be transferred for the reasons stated in the order of the Judicial Panel on Multi-District Litigation, dated August 4, 1994, attached hereto as Exhibit "A" and incorporated by this reference.

I.

This case is one of many filed in the wake of a misleading, nationally-broadcast television show about the use of bone screws for pedicle fixation of the spine. Roughly 100 pending federal cases from several different states have been transferred to the Eastern District of Pennsylvania for coordinated Multidistrict Litigation ("MDL") pretrial proceedings before the Honorable Louis C. Bechtle. Several other cases have been removed on the same ground as this one.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Court grant this Motion to Stay Proceedings until this case is transferred to the Eastern District of Pennsylvania pursuant to a Conditional Transfer Order.

Respectfully submitted,

JENKENS & GILCHRIST
a Professional Corporation
1200 Nowlin Building
9311 San Pedro
San Antonio, Texas 78216
Telephone:  (210) 308-3100
Telecopier:  (210) 308-3131

By: _____
R. Jo Reser
State Bar No. 16789500
SD Admission No. 10309
ATTORNEY-IN-CHARGE

Robert L. Soza
State Bar No. 18869300
SD Admission No. 16583

ATTORNEYS FOR DEFENDANT,
ACROMED CORPORATION

## CERTIFICATE OF CONFERENCE

I certify that on the 27th day of January, 1995, I conferred with Peter M. Zavaletta counsel of record for the Plaintiffs, pursuant to Local Rule 6(A)(4), regarding this Motion but we were not able to agree about the disposition of this Motion. Therefore, this Motion is being submitted to the Court for its consideration. I have also conferred with Charles Sweetman, counsel for Co-Defendants Dr. Robert G. Johnson, South Texas Orthopedic & Spinal Surgery Associates, P.A. and Rosemary Williams, counsel for Co-Defendant St. Luke's Lutheran Hospital, aka/fka St. Luke's Baptist Hospital and they do not oppose this Motion.

_____
Robert L. Soza

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been mailed, certified mail, return receipt requested, to the following counsel of record on this the _31_ day of _January_, 1995.

Peter M. Zavaletta, P.C.
The Regency Office Plaza
2600 Old Alice Road, Suite C
Brownsville, TX 78521

Mr. Charles Sweetman
SWEETMAN & WISE
855 East Harrison
Brownsville, Texas 75820

Ms. Rosemary R. Williams
Ball & Weed
745 E. Mulberry, Suite 500
San Antonio, TX 78212

_____
R. JO RESER
ROBERT L. SOZA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG - 4 1994

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 1014

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ORTHOPEDIC BONE SCREW PRODUCTS LIABILITY LITIGATION

### BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, AND BAREFOOT SANDERS, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of 37 actions pending in the following federal districts: fourteen actions in the Eastern District of Louisiana; eight actions in the Eastern District of Pennsylvania; two actions each in the District of Delaware, Middle District of Alabama, Northern District of Alabama and Eastern District of Michigan; and one action each in the District of Nevada, Central District of California, Northern District of Illinois, Southern District of Mississippi, Western District of New York, Eastern District of Oklahoma and Eastern District of Virginia.¹ Before the Panel are motions by defendant AcroMed Corp. (AcroMed) and plaintiffs in several Louisiana actions to centralize all actions, pursuant to 28 U.S.C. §1407. AcroMed along with the Pennsylvania plaintiffs suggest the Eastern District of Pennsylvania as transferee court, while the Louisiana plaintiffs suggest centralization in the Eastern District of Louisiana. Some Louisiana plaintiffs alternatively favor the Pennsylvania court as transferee court. Most responding parties support centralization in one of these two courts, although five defendants in one Louisiana action oppose inclusion of the claims against them in any Section 1407 proceedings. If the Panel deems centralization appropriate, they ask that the Panel simultaneously separate and remand claims against them to the Eastern District of Louisiana court. One defendant alternatively suggests centralization in the Southern District of Indiana.

On the basis of the papers filed and the hearing held, the Panel finds that: the actions in this litigation involve common questions of fact concerning the use of orthopedic bone screws, bone plates and/or spinal fixation devices for the purpose of spinal fusion and the tendency of these items to fail causing serious injury. Centralization under Section 1407 in the Eastern

---

¹ One additional action, *Michael Clark, et al. v. St. Paul Fire & Marine Insurance Co., et al.*, E.D. Louisiana, C.A. No. 2-94-1601, was recently remanded to Louisiana state court. Another action, *Wachi Ahmad Esmaeel v. Dr. Craig Donald Brigham, et al.*, W.D. North Carolina, C.A. No. 3-94-21, was dismissed on June 2, 1994. Accordingly, the question of 1407 transfer with respect to these actions is moot.

The Panel has also been notified of several other recently filed related actions. These actions will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596-97 (1993).


EXHIBIT A

- 2 -

District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Section 1407 transfer is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are not persuaded by defendants' requests for simultaneous separation and remand of claims against them. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, In re Multi-Piece Rim Products Liability Litigation, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 14, R.P.J.P.M.L., 147 F.R.D. 589, 597-99 (1993).

Although no district stands out as the geographic focal point for this nationwide docket, we are persuaded that the Eastern District of Pennsylvania is the most appropriate transferee court for this litigation. We note that i) the first-filed class action is pending there; ii) consolidated discovery in several actions is already underway; and iii) centralization in the Pennsylvania federal court may permit the federal court actions to be coordinated with numerous related actions now pending in Pennsylvania state courts in which an extensive amount of discovery has already taken place.[3]

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of Pennsylvania be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable William H. Yohn, Jr., for -coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

---

[3] Judge Sandra Mazer Moss, a judge of the Court of Common Pleas, Philadelphia County, has already taken steps to coordinate pretrial proceedings in these state court actions.

# SCHEDULE A

## MDL-1014 -- In re Orthopedic Bone Screw Products Liability Litigation

### Middle District of Alabama

Johnie S. Williams v. AcroMed Corp., et al.,
   C.A. No. 2:94-450
Johnny Lanier v. AcroMed Corp., et al.,
   C.A. No. 2:94-574

### Northern District of Alabama

Denise L. Beller v. AcroMed Corp., et al.,
   C.A. No. 2:94-1062
Elaine Lunsford, et al. v. AcroMed Corp., et al.,
   C.A. No. 2:94-1063

### Central District of California

Victoria Villalobos v. AcroMed Corp.,
   C.A. No. 2:94-325

### District of Delaware

Vincent J. Scully v. AcroMed Corp.,
   C.A. No. 1:94-191
Anita McClendon v. AcroMed, Inc., et al.,
   C.A. No. 1:94-236

### Northern District of Illinois

Vincent Constantino v. AcroMed Corp.,
   C.A. No. 1:94-2249

### Eastern District of Louisiana

Joseph Benoit, et al. v. AcroMed Corp., et al.,
   C.A. No. 2:92-276
Harry C. Conner, Sr., et al. v. AcroMed Corp., et al.,
   C.A. No. 2:92-415
Melton Jack Book, et al. v. AcroMed Corp., et al.,
   C.A. No. 2:92-819

ii

<u>Wilda Frederick, et al. v. AcroMed Corp., et al.</u>,
   C.A. No. 2:92-3686

<u>Kenneth Wade, et al. v. AcroMed Corp., et al.</u>,
   C.A. No. 2:92-3687

<u>Shelton Levon Johnson, et al. v. AcroMed Corp., et al.</u>,
   C.A. No. 2:94-198

<u>Anthony Bertrand, et al. v. AcroMed Corp., et al.</u>,
   C.A. No. 2:94-785

<u>George Fontenot v. AcroMed Corp., et al.</u>,
   C.A. No. 2:94-801

<u>Marvin Brouillette v. AcroMed Corp., et al.</u>,
   C.A. No. 2:94-802

<u>Faye Simmons v. AcroMed Corp., et al.</u>,
   C.A. No. 2:94-803

<u>Aulpheda Bonner, et al. v. AcroMed Corp., et al.</u>,
   C.A. No. 2:94-804

<u>Myra Moreaux v. AcroMed Corp., et al.</u>,
   C.A. No. 2:94-806

<u>Gertrude Gautreaux v. AcroMed Corp., et al.</u>,
   C.A. No. 2:94-807

<u>Barbara A. Brown, et al. v. AcroMed Corp., et al.</u>,
   C.A. No. 2:94-1236

<u>Eastern District of Michigan</u>

<u>Shirley Chlupsa v. Dr. Steffe, et al.</u>,
   C.A. No. 2:94-40031

<u>Emil R. Johnson v. Acromed Corp.</u>,
   C.A. No. 2:94-71847

<u>Southern District of Mississippi</u>

<u>Julie Ann Crush v. AcroMed Corp.</u>,
   C.A. No. 3:94-70

<u>District of Nevada</u>

<u>Mary C. Jordan v. AcroMed Corp.</u>,
   C.A. No. 2:94-353

iii

### Western District of New York

<u>Joseph Faxlanger v. AcroMed Corp., et al.</u>,
  C.A. No. 1:94-345

### Eastern District of Oklahoma

<u>Larry Phillips v. AcroMed Corp.</u>,
  C.A. No. 6:93-933

### Eastern District of Pennsylvania

<u>Alice Zampirri, et al. v. AcroMed Corp., et al.</u>,
  C.A. No. 2:93-7074
<u>Margaret L. Thatcher, et al. v. AcroMed Corp., et al.</u>,
  C.A. No. 2:94-231
<u>Vivian Tyson v. AcroMed Corp.</u>,
  C.A. No. 2:94-481
<u>Agnes Batezel v. AcroMed Corp.</u>,
  C.A. No. 2:94-1312
<u>Anna C. Young v. AcroMed Corp.</u>,
  C.A. No. 2:94-1879
<u>Brian R. Gahm v. Thomas Jefferson University Hospital, et al.</u>,
  C.A. No. 2:94-2050
<u>Joan Higgins, et al. v. AcroMed Corp.</u>,
  C.A. No. 2:94-2113
<u>Patsy Rathke, et al. v. AcroMed Corp., et al.</u>,
  C.A. No. 2:94-2876

### Eastern District of Virginia

<u>Richard G. Kidd, et al. v. AcroMed Corp., et al.</u>,
  C.A. No. 2:94-355